Samuel R. Randall (No. 024517)
ROBAINA & KRESIN PLLC
5343 N 16th Street, Suite 200
Phoenix, Arizona 85016
Telephone: (602) 682-6450
Facsimile: (602) 682-6455
srr@robainalaw.com

Attorneys for Plaintiff Sonia Gonzalez

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Sonia Gonzalez,<br><br>            Plaintiff,<br><br>vs.<br><br>Express Urgent Care, P.C.; Express Urgent Care Central, LLC; Express Urgent Care Estrella, LLC; Express Urgent Care North Mountain, LLC; Express Urgent Care Prasada, LLC; Express Urgent Care Surprise, LLC; Express Urgent Care Thunderbird, LLC; Dat T. Tran; Rajesh U. Bhakta; Jalal Abbas and Duke Nguyen,<br><br>            Defendants. | **No. 2:19-cv-01745-DLR**<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Sonia Gonzalez ("Gonzalez") for her First Amended Complaint alleges the following against Defendant Express Urgent Care, P.C., Defendant Express Urgent Care Central, LLC; Defendant Express Urgent Care Estrella, LLC; Defendant Express Urgent Care North Mountain, LLC; Defendant Express Urgent Care Prasada, LLC; Defendant Express Urgent Care Surprise, LLC; Express Urgent Care Thunderbird, LLC; Defendant Dat T. Tran, Defendant Rajesh U. Bhakta, Defendant Jalal Abbas, and Defendant Duke Nguyen (collectively "Defendants"):

**PARTIES, JURISDICTION AND VENUE**

1.    This is an overtime case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et. seq.*

2.    Ms. Gonzalez is a resident of Maricopa County, Arizona, and she worked for

Defendants in Maricopa County, Arizona.

3.      At all relevant times, Ms. Gonzalez was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

4.      Express Urgent Care, P.C. ("Express P.C.") is an Arizona professional corporation doing business in Maricopa County, Arizona and whose principal place of business is located in Maricopa County, Arizona.

5.      At all relevant times, Express P.C. was, and continues to be, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

6.      Express Urgent Care Central, LLC ("Express Central") is an Arizona limited liability company doing business in Maricopa County, Arizona.

7.      At all relevant times, Express Central was, and continues to be, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

8.      Express Urgent Care Estrella, LLC ("Express Estrella") is an Arizona limited liability company doing business in Maricopa County, Arizona.

9.      At all relevant times, Express Estrella was, and continues to be, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

10.      Express Urgent Care North Mountain, LLC ("Express North Mountain") is an Arizona limited liability company doing business in Maricopa County, Arizona.

11.      At all relevant times, Express North Mountain was, and continues to be, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

12.      Express Urgent Care Prasada, LLC ("Express Prasada") is an Arizona limited liability company doing business in Maricopa County, Arizona.

13.      At all relevant times, Express Prasada was, and continues to be, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

14.      Express Urgent Care Surprise, LLC ("Express Surprise") is an Arizona limited liability company doing business in Maricopa County, Arizona.

15.      At all relevant times, Express Surprise was, and continues to be, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

16.     Express Urgent Care Thunderbird, LLC ("Express Thunderbird") is an Arizona limited liability company doing business in Maricopa County, Arizona.

17.     At all relevant times, Express Thunderbird was, and continues to be, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

18.     Express P.C., Express Central, Express Estrella, Express North Mountain, Express Prasada, Express Surprise, and Express Thunderbird (collectively referred to hereinafter as "Express Enterprise Defendants") together constitute an "enterprise" as defined by the FLSA, 29 U.S.C. § 203.

19.     Dat T. Tran ("Tran") is a Maricopa County, Arizona resident.

20.     At all relevant times, Dr. Tran exercised direct and/or indirect supervisory authority over Ms. Gonzalez.

21.     Dr. Tran was directly involved in decisions affecting the terms and conditions of employment for Ms. Gonzalez including, but not limited to, decisions regarding hours worked, wages paid, and deductions made to wages.

22.     At all relevant times, Dr. Tran was Ms. Gonzalez's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

23.     Rajesh U. Bhakta ("Bhakta") is a Maricopa County, Arizona resident.

24.     At all relevant times, Dr. Bhakta exercised direct and/or indirect supervisory authority over Ms. Gonzalez.

25.     Dr. Bhakta was directly involved in decisions affecting the terms and conditions of employment for Ms. Gonzalez including, but not limited to, decisions regarding hours worked, wages paid, and deductions made to wages.

26.     At all relevant times, Dr. Bhakta was Ms. Gonzalez's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

27.     Jalal Abbas ("Abbas") is a Maricopa County, Arizona resident.

28.     At all relevant times, Dr. Abbas exercised direct and/or indirect supervisory authority over Ms. Gonzalez.

29.     Dr. Abbas was directly involved in decisions affecting the terms and

conditions of employment for Ms. Gonzalez including, but not limited to, decisions regarding hours worked, wages paid, and deductions made to wages.

30. At all relevant times, Dr. Abbas was Ms. Gonzalez's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

31. Duke Nguyen ("Nguyen") is a Maricopa County, Arizona resident.

32. At all relevant times, Mr. Nguyen was and is the manager for all the Express Enterprise Defendants and, at all relevant times was Ms. Gonzalez's supervisor or manager.

33. At all relevant times, Mr. Nguyen exercised direct and/or indirect supervisory authority over Ms. Gonzalez.

34. Mr. Nguyen was directly involved in decisions affecting the terms and conditions of employment for Ms. Gonzalez including, but not limited to, decisions regarding hours worked, wages paid, and deductions made to wages.

35. At all relevant times, Mr. Nguyen was Ms. Gonzalez's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

36. Together the Express Enterprise Defendants, Dr. Tran, Dr. Bhakta, Dr. Abbas and Mr. Nguyen were Ms. Gonzalez's joint employer for purposes of the FLSA.

37. This Court has jurisdiction over the subject matter and the parties pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

38. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants are residents of Maricopa County, Arizona and 28 U.S.C. § 1391(b)(2) because Defendants caused events to occur in Maricopa County, Arizona out of which Ms. Gonzalez's claims arise.

## GENERAL ALLEGATIONS

39. From about October 2012 through about August 2018, Defendants employed Ms. Gonzalez as a medical assistant.

40. As such, Ms. Gonzalez worked in a non-exempt position for Defendants in regard to the FLSA.

41. Defendants did not pay Ms. Gonzalez overtime compensation for hours

4

worked for Defendants' benefit in excess of 40 hours in a workweek despite being legally obligated to do so.

42.    Defendants failed to pay or refused to pay Ms. Gonzalez for overtime wages for all hours worked by Ms. Gonzalez in excess of forty hours in a week.

43.    Because Defendants compensated Ms. Gonzalez at her regular hourly rate for all hours worked, she is entitled to receive an additional half her hourly rate for each hour worked in excess of forty hours per workweek.

44.    Ms. Gonzalez has been harmed and suffered damages by being denied overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorney's fees.

45.    As a result of Defendants' unlawful acts and violations of the FLSA, Ms. Gonzalez is entitled to recovery of overtime wages, liquidated damages in an amount equal to the wages she is owed as unpaid overtime, prejudgment interest, attorney's fees and costs.

**COUNT ONE**

**(Overtime Violations under the Fair Labor Standards Act)**

46.    Ms. Gonzalez incorporates herein all previous allegations in this Complaint.

47.    At all relevant times, Defendants were joint employers of Ms. Gonzalez under the FLSA.

48.    At all relevant times, Ms. Gonzalez was an employee covered under the FLSA.

49.    Defendants failed to pay Ms. Gonzalez overtime compensation at the required rate of one and one-half her hourly rate for each hour worked in excess of forty hours per workweek in violation of the FLSA.

50.    Defendants' violations of the FLSA were willful and accordingly, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

51.    Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA.

52.     Ms. Gonzalez is entitled to recover her unpaid overtime compensation and an equal amount as liquidated damages.

53.     Ms. Gonzalez is entitled to recover her attorneys' fees incurred herein pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff Sonia Gonzalez prays for judgment in her favor and against Defendants Express Urgent Care, P.C., Express Urgent Care Central, LLC; Express Urgent Care Estrella, LLC; Express Urgent Care North Mountain, LLC; Express Urgent Care Prasada, LLC; Express Urgent Care Surprise, LLC; Express Urgent Care Thunderbird, LLC, Dat T. Tran, Rajesh U. Bhakta, Jalal Abbas and Duke Nguyen, and asks the Court to:

A.     Award Ms. Gonzalez back pay, pre-judgment and any other appropriate relief necessary to make Ms. Gonzalez whole and compensate her for the legal violations described above;

B.     Award Ms. Gonzalez liquidated damages;

C.     Award Ms. Gonzalez attorney's fees pursuant to 29 U.S.C. § 216 and related costs and expenses; and

D.     Award Ms. Gonzalez such other legal and equitable relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 26th day of March 2019.

ROBAINA & KRESIN PLLC


By /s/ Samuel R. Randall
    Samuel R. Randall
    Attorney for Plaintiff Sonia Gonzalez

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this 26th day of March 2019.

ROBAINA & KRESIN PLLC


By */s/* Samuel R. Randall
     Samuel R. Randall
     Attorney for Plaintiff Sonia Gonzalez